IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH PONDER,

    Plaintiff,

v.

WILLIAM PORTER, et al.,

    Defendants.

Civil No. 04-6280-TC

FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge.

Plaintiff, *pro se*, filed a complaint alleging that he was falsely accused of sex abuse while working at a summer camp for hearing impaired children and subsequently convicted and sentenced to prison. Plaintiff alleges that defendants violated his Eighth and Fourteenth Amendment Constitutional rights and acted negligently in connection with the investigation leading to his arrest and conviction, and subsequently failed to act appropriately with respect to an

1 - FINDINGS AND RECOMMENDATION

alleged recantation by two of the victims.

Defendant Travelers Insurance ("Travelers") now moves to dismiss (#41) plaintiff's claims against it for failure to state a claim. Specifically, Travelers contends that plaintiff's constitutional claims against it fail because it is not a state actor and that plaintiff's negligence claims fail because it did not owe plaintiff a duty of care. Travelers also contends that plaintiff's claims are barred by the statute of limitations and by the doctrine of *res judicata*.

To state a claim for alleged constitutional violations cognizable under 42 U.S.C. § 1983, plaintiff must allege facts that establish the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under the color of state law. Crumpton v. Gates, 974 F.2d 1418, 1420 (9th Cir. 1991); Gibson v. U.S., 781 F.2d 1334, 1338 (9th Cir. 1986).

Travelers is a private corporation. None of plaintiff's allegations regarding Travelers can reasonably be construed as involving any state action or conduct under the color of state law.

Plaintiff's negligence allegations are construed as an ancillary claim under Oregon tort law. Negligence is generally defined as conduct that falls below the standard

2 - FINDINGS AND RECOMMENDATION

established for the protection of oneself or others against unreasonable risk of harm. Woolston v. Wells, 297 Or. 548, 557, 687 P.2d 144 (1984). The initial issue to determine is whether liability exists based on a special relationship between the parties. Wasa v. D.O.C., 159 Or. App. 207, 222, 979 P.2d 273 (1999). Whether a duty exists is a question of law for the court to decide. Cook v. School District VH31J, 83 Or. App. 292, 295, 731 P.2d 443 (1987).

Plaintiff has failed to establish any duty arising from a special relationship between himself and Travelers. Travelers provided insurance coverage to Gospel Ministries for the Deaf and Northwest Christian Camp or the Deaf, not to plaintiff. Nor does Travelers Mutual have any duty in relation to plaintiff's incarceration, or to request that authorities investigate allegations that another party may have been responsible for his crimes.

In addition, a foreseeable risk of harm is a necessary element to state a claim for negligence. Fazzolari v. Portland School Dist. No. 1-J, 303 Or. 1, 17 (1987); Solberg v. Johnson, 306 Or. 484, 490-491 (1988). Plaintiff's allegations indicate that plaintiff had already been convicted and was incarcerated at the time of the alleged "insurance fraud" giving rise to plaintiff's claims against Travelers. Therefore, any risk of harm to plaintiff from such alleged

3 - FINDINGS AND RECOMMENDATION

fraud was not foreseeable.

Under O.R.S. 12.110(1), an action for injury to a person not arising out of contract "shall be commenced within two years." An action is commenced when the complaint is filed and the summons is served. O.R.S. 12.020(1). A claim accrues when a plaintiff knows, or, in the exercise of reasonable care, should know facts that would make a reasonable person aware of a substantial possibility that each of the three elements of the claim - harm, causation and tortious conduct - exist. Bramel v. Brandt, 190 Or. App. 432, 441, 79 P.3d 375 (2003).

Liberally construed, the plaintiff's allegations establish that his claim accrued no later than July 2002. Plaintiff filed his complaint in this action on August 16, 2004. Thus plaintiff's negligence claims are barred by the Oregon statute of limitations for personal injury actions.

Conclusion: Plaintiff's allegations regarding Travelers fail to state a claim under 42 U.S.C. § 1983 because plaintiff has failed to establish any "state action" or conduct under the color of state law by Travelers.

Plaintiff fails to state a negligence claim against Travelers because he has failed to establish that Travelers owed him any duty in connection with the events allegedly giving rise to his claims or that any harm or risk of harm was

foreseeable. In addition, based on the record before the court plaintiff's negligence claims are barred by the applicable statute of limitations.

It is not necessary to address defendant's argument that plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel because of the dispositive issues discussed above.

Based on the foregoing, defendant Travelers Insurance Company's Motion to Dismiss (#41) should be allowed.

DATED this 22 day of April, 2005.

Thomas M. Coffin
United States Magistrate Judge